SUCCESSION OF B. A. CURTIS—On the Opposition of THOMAS MASKELL.

The holder of a negotiable note made by the husband, and acquired before maturity and without notice, is entitled to enforce the same against the community property, after the death of the husband, notwithstanding the note was given for the individual debt of the husband. The holder will not be compelled to proceed against the separate estate of the husband.

APPEAL from the District Court of St. Mary.
J. G. Olivier, for administrator. E. C. Brent, for opponent and appellant.

MERRICK, C. J. The only question presented in this case is, whether *Thomas Maskell,* who holds certain promissory notes, signed by the intestate, shall be paid out of the community or separate estate of the deceased.

As the notes are negotiable and were given during the existence of the community, and it has not been shown that the present holder acquired them after maturity or with notice, we do not feel called upon to decide, whether notes given in extinguishment of the individual debts of the husband can, after his decease, be exacted of the community, or whether they should be paid by the separate estate.

The holder of promissory notes, negotiable on their face, acquired before maturity and without notice, is entitled to inforce them against the community, during the existence of which they were given.

We think, therefore, the judgment of the lower Court is erroneous, so far as it refuses to recognize *Thomas Maskell,* as a creditor of the community, for the amount of the notes set forth in his opposition.

663

The record does not justify us in declaring the dividend to be paid the oppo-   <span style="float:right">Succession of<br>Curtis.</span>
sers and other creditors, and we remand the case for the filing of a new tableau
accordingly.

It is, therefore, ordered, adjudged and decreed, that the judgment of the
lower Court be reversed, so far as it refuses to recognize said *Thomas Maskell,*
as a creditor of the community, for the amount of the said promissory notes,
and interest specified in the said account and tableau of distribution, and the
said *Thomas Maskell* is hereby recognized as such clinographic creditor, and
it is ordered that he be paid concurrently with the other clinographic credi-
tors out of said fund, hereby recognizing the claims of the community against
the separate estate of said *Bennett A. Curtis,* as a clinographic creditor
for the amount of such payment; and it is further ordered that the claims
of all other parties as recognizeded by the account, and the judgment
of the lower Court, be confirmed and approved; and it is further ordered
that said administrator and administratrix do, within twenty days after
the filing of the mandate of this Court in the lower Court, file a new
tableau of distribution, wherein he shall place said *Thomas Maskell* and
*John Garrett* tutor, with the other creditors, in conformity to the direction
contained in this decree, and so much of the decree of the lower Court as is
hereby affirmed; and it is further ordered that the decree of the lower court
be, in all other respects, affirmed, and that the appellee pay the costs of appeal;
and this case is remanded to the lower Court for further proceedings herein
directed.